**Max Murray WILSON, Appellant,**

v.

**Don P. BUTTON, Trustee of Wilson Motors, Appellee.**

**No. 26006.**

United States Court of Appeals Fifth Circuit.

Nov. 19, 1968.

Rehearing Denied Dec. 9, 1968.

John L. Britton, Feibelman, Friedman, Hyman & Britton, Miami, Fla., for appellant.

Paul T. Rochford, Indianapolis, Ind., John W. Douglass, Fort Lauderdale, Fla., Peter Nicholas, Bagal, Talesnick & Kleiman, Jack I. Kahn, Indianapolis, Ind., for appellee.

Before BELL and MORGAN, Circuit Judges, and GUINN, District Judge.

GUINN, District Judge:

Appellant Wilson filed a petition in Bankruptcy and thereafter petitioned the Court for discharge. One of the debts which Wilson sought to have discharged was a debt due appellee Button, as Trustee in Bankruptcy of Wilson Motors, Bankrupt, in the amount of $28,000.00. The Trustee filed objections to discharge of this debt. The matter was taken before the Referee and the objections of the Trustee were denied and the Trustee filed petition for review by the District Court. This appeal is from the action of the District Court in reversing the referee and excepting from the discharge of the Bankrupt the debt owing the Trustee in the bankruptcy of Wilson Motors.

The District Court found that this debt fell within § 17, sub. a(4) of the Bankruptcy Act which provides as follows:

"17. Debts Not Affected by a Discharge. a. A discharge in bank-

ruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity;" 11 U.S.C.A. § 35(a) (4).

The basis for this finding rests upon payment by Appellant of a salary to himself while working for the Wilson Motors at a time when the company was insolvent. The Appellant was one of the partners. The partnership is controlled by the Law of Indiana and the Law of Indiana provides in 10 Ind.Stat.Annot., § 50–421(1) as follows:

> "Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

The Court found that the withdrawing of the funds for salary was in violation of Indiana Law which provided that "no partner is entitled to remuneration for acting in the partnership business except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership." § 50–418(f) of Burns' Indiana Statutes.

The Court concluded that the taking of salary was the taking of partnership assets in violation of law and was a misappropriation or defalcation by the Bankrupt within the meaning of § 17, sub. a(4) while acting in a fiduciary capacity.

The finding and conclusion of the District Court that payment of the salary was unlawful is without support in the record. The District Court failed to give consideration to pertinent and controlling provisions in the Indiana Law which authorize payment of this salary and negative the finding that Appellant's action was unlawful under the record in this case. See § 50–418 of Burns' Indiana Statutes providing for compensation by agreement. It was agreed at argument; indeed it has never been disputed that the sums in question were derived from agreed salary payments.

There being no evidence to show any unlawful conduct on the part of the Appellant and no evidence to show any fraud, embezzlement, misappropriation or defalcation on his part this case must be reversed and rendered and the Appellant ordered discharged free of the debt owing to the Trustee of Wilson Motors.

Reversed and remanded.